UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                      PLAINTIFF

v.                                                                Criminal Action No.: 5:13-CR-45-R

JOSE MANUEL JIMENEZ                                                           DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant Cindy Osuna's motion to exclude evidence. (Docket #114). The United States has responded. (Docket #115). Osuna has replied. (Docket #129). For the following reasons, Osuna's motion (Docket #114) is GRANTED.

BACKGROUND

Osuna is charged with aiding and abetting the distribution of methamphetamine. (Docket #81). Specifically, Osuna is alleged to have provided a vehicle to codefendants knowing it would be used to transport and sell methamphetamine. Approximately four pounds of methamphetamine was concealed in the intake manifold of the vehicle and was delivered to McCracken County, Kentucky.

The United States intends to introduce evidence that approximately eleven months later Osuna allegedly allowed a vehicle registered in her name to be used by drug traffickers. (Docket #115). The later incident involves two "run of the mill controlled buys" of approximately one-half ounce of methamphetamine in Columbia, Tennessee. (Docket #129). Osuna was not charged in that incident, nor was she present.

STANDARD

Rule 404(b) prohibits the introduction of a "crime, wrong, or other act" to prove a "person's character in order to show that on a particular occasion the person acted in accordance

1

with the character." Fed R. Evid. 404(b). However, evidence of another crime or wrong may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identify, absence of mistake, or lack of evidence." Fed R. Evid. 404(b); *United States v. Elkins*, 732 F.2d 1280, 1286 (6th Cir. 1984).

Although Rule 404(b) is often discussed in the context of "prior acts," it applies to "other acts," which include acts both before and after the charged offense. *United States v. Carney*, 387 F.3d 436, 452 (6th Cir. 2004) ("Rule 404(b) expressly permits the admission of relevant 'other acts,' not merely 'prior acts'").

## DISCUSSION

The Sixth Circuit has established a "three-step process for determining the admissibility of other acts evidence under Rule 404(b)." *United States v. Jenkins*, 345 F.3d 928, 937 (6th Cir. 2003). "The first step requires the district court to decide whether there is sufficient evidence that the other act in question actually occurred." *United States v. Haywood*, 280 F.3d 715, 720 (6th Cir. 2002). Second, the court must decide "whether the evidence of the other act is probative of a material issue other than character." *Jenkins*, 345 F.3d at 937. Third, "if the evidence is probative of a material issue other than character, the district court must decide whether the 'probative value of the evidence is substantially outweighed by its potential prejudicial effect.'" *Haywood*, 280 F.3d at 720 (*quoting United States v. Johnson*, 27 F.3d 1186, 1190 (6th Cir. 1994)). This determination is a question of law. *United States v. Clay*, 667 F.3d 689, 694 (6th Cir. 2012).

At this time, the Court is unable to determine whether there is sufficient evidence that the Tennessee incidents actually occurred.[1] Regardless, the Court finds this evidence should be excluded based on the second and third steps in the analysis.

The second step is whether the other act is probative of a material issue in this case, other than character. The United States argues the Tennessee incidents show it was Osuna's intent to engage in drug trafficking, rather than it being merely coincidental that a vehicle registered in her name was used in drug trafficking. (Docket #115).

"[E]vidence of prior misconduct is admissible to show intent only when intent is in issue." *United States v. Ring*, 513 F.2d 1001, 1007 (6th Cir. 1975); *United States v. Johnson*, 27 F.3d 1186, 1192 (6th Cir. 1994). "[I]ntent is in issue whenever it cannot readily be inferred from proof of the criminal act charged" or when the defendant argues that the act "was done innocently, by mistake or accident." *Ring*, 513 F.2d at 1007-08.

The third step is balancing the probative value of this evidence against the prejudicial effect. Even if evidence is admissible it may be excluded "if its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Fed. R. Evid. 403. "District courts are given broad discretion in making a Rule 403 determination." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993).

---

[1] The United States claims: "[t]estimony by the officers who conducted the controlled purchases" and the vehicle registration records will provide sufficient evidence that the later acts occurred. (Docket #115). Until that evidence is presented, the Court will reserve ruling on whether there is sufficient evidence that the other act occurred.

In this case, the prejudicial impact of allowing the Tennessee incidents to be introduced would outweigh the probative value those incidents may have in showing intent. While both instances involve drug trafficking, they differ in significant ways. *United States v. Blankenship*, 775 F.2d 735, 739 (6th Cir. 1985) ("[other acts evidence] must deal with conduct substantially similar and reasonably near in time to the offenses for which the defendant is being tried"). In this case, allegedly four pounds of methamphetamine was hidden in the intake manifold of a vehicle and delivered to McCracken County, Kentucky. The later incidents involved a sale of approximately one-half ounce of methamphetamine, occurred in Columbia, Tennessee, were conducted by individuals not charged in this case, and involved no indication that drugs were concealed in the vehicle engine. The introduction of the Tennessee incidents could mislead or confuse the jury. Moreover, the introduction of those incidents could cause jurors to decide this case based on an improper purpose. "Evidence of other bad acts undoubtedly has a powerful impact on a juror's mind." *Clay*, 667 F.3d at 697.

To the Court's knowledge there is no direct evidence in the Tennessee case that Osuna purposefully allowed the use of her vehicle to conduct a drug transaction. That drug transaction is weak, circumstantial evidence of intent, and is outweighed by its prejudicial effect.

## CONCLUSION

For the foregoing reasons, Osuna's motion to exclude evidence (Docket #114) is GRANTED.

cc: counsel of record